**Harvey HOLLAND, Appellant**

v.

**Warden CANAAN USP.**

No. 13–3962.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 July 31, 2014.

Opinion filed: Oct. 2, 2014.

Harvey Holland, Waymart, PA, pro se.

United States Attorney Middle District
of Pennsylvania, Office of United States
Attorney, Harrisburg, PA, for Warden Ca-
naan USP.

Before: RENDELL, FISHER and
GREENAWAY, JR., Circuit Judges.

OPINION

PER CURIAM.

A federal jury found Harvey Holland
guilty of distributing and possessing, with
the intent to distribute, 50 grams or more
of crack cocaine, as well as a related con-
spiracy charge. The jury deadlocked on a
charge related to the murder of Jason
Harrigan. That charge was subsequently
dismissed, and Holland was sentenced to
two concurrent terms of life in prison. We
affirmed the judgment, *United States v.
Holland,* 76 Fed.Appx. 452 (3d Cir.2003),
and the United States Supreme Court de-
nied certiorari.

In 2004, Holland filed a motion pursuant
to 28 U.S.C. § 2255. The District Court
denied relief after a hearing, and we de-
nied Holland's subsequent application for a
certificate of appealability. Holland later
filed unsuccessful applications for relief in
the District Court, including a Rule 60(b)
motion and several petitions pursuant to
28 U.S.C. § 2241. He has not won any
relief on appeal from orders denying or
dismissing these filings. We also have
denied Holland's § 2244 applications, in-
cluding one based on *Alleyne v. United
States,* —— U.S. ——, 133 S.Ct. 2151,
2162–63, 186 L.Ed.2d 314 (2013), and a
claim that the District Court impermissi-
bly used Harrigan's murder as relevant
conduct to set his offense level at sentenc-
ing.

Before he filed his *Alleyne*-based § 2244
application, Holland filed another § 2241
petition in the District Court. He pre-
sented the claim under *Alleyne* that the
District Court impermissibly found facts
relating to Harrigan's murder in sentenc-
ing him. Adopting a Magistrate Judge's
recommendation and rejecting Holland's
objections, the District Court dismissed
Holland's § 2241 petition for lack of juris-
diction.[1]

Holland appeals.[2] We have jurisdiction
over this appeal under 28 U.S.C. § 1291.
Our review is plenary. *See Nuveen Mun.
Trust v. WithumSmith Brown, P.C.,* 692

---

1. The dismissal was without prejudice to Hol-
land's bringing the § 2244 application related
to the *Alleyne* claim.

2. Previously, because Holland did not submit
the filing and docketing fees or a motion to
proceed in forma pauperis ("ifp"), his case
was dismissed for failure to timely prosecute.
He has submitted a motion to reopen and a
motion to proceed ifp, which we grant. *See
See* 3d Cir. L.A.R. Misc. 107.2(a); *Sinwell v.
Shapp,* 536 F.2d 15, 19 (3d Cir.1976).

F.3d 283, 293 (3d Cir.2012). Upon review, we will summarily affirm the judgment of the District Court because no substantial issue is presented on appeal.[3] *See* 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

The District Court was without jurisdiction to consider Holland's *Alleyne*-based claim under 28 U.S.C. § 2241. As the District Court concluded, Holland cannot bring his claims under § 2241, because a motion to challenge his conviction and sentence pursuant to 28 U.S.C. § 2255 is not "inadequate or ineffective." 28 U.S.C. § 2255(e). Section 2255 has been considered inadequate and ineffective for a petitioner convicted and imprisoned for conduct since deemed not to be criminal. *See In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir.1997). However, § 2255 is not inadequate or ineffective just because a movant, like Holland, who has previously filed a § 2555 motion, is unable to meet its stringent gatekeeping requirements. *See id.*

Although Holland argued to the contrary in the District Court, he did not make a claim that fits under the *In re Dorsainvil* exception. *See Okereke v. United States,* 307 F.3d 117, 120 (3d Cir. 2002). He did not contend that, as a result of a Supreme Court decision issued after he filed his first § 2255 motion, the conduct for which he was convicted is now non-criminal. He sought relief under *Alleyne. Alleyne* is essentially an extension of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In *Apprendi,* the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348. In *Alleyne,* the Supreme Court held that the same rule also applies to "facts that increase mandatory minimum sentences." 133 S.Ct. at 2163. We have held that "§ 2255 [i]s not inadequate or ineffective for [a prisoner] to raise his *Apprendi* argument." *Okereke,* 307 F.3d at 121. We see no basis to treat differently Holland's claim brought under *Alleyne.*

In short, Holland presented a claim for which § 2255 is not an inadequate or ineffective remedy. The District Court properly dismissed his § 2241 petition. Accordingly, having granted Holland's motion to reopen this proceeding and motion to proceed ifp, we will affirm the District Court's decision. Holland's motion to invoke a procedural bar is denied.[4]

---

**3.** After Holland's appeal was listed for possible summary action, the Government was permitted additional time to respond to the listing because of the Government shutdown. In response, Holland filed a "motion to invoke procedural bar for 21 days over due date 10/3/2013 set by the Court." He requested a "procedural bar" because the Government had not filed anything in his case during the initial response period. With his motion, he also submitted a copy of an application for a certificate of appealability that he had filed in the District Court in which he set forth arguments why his § 2241 petition should have been considered.

**4.** Although Holland provided us with a copy of his application for a certificate of appealability that he filed in the District Court, we do not understand him to be seeking a certificate from us. We note nonetheless that federal prisoners seeking relief under § 2241 do not require a certificate of appealability to proceed with an appeal. *See United States v. Cepero,* 224 F.3d 256, 264–65 (3d Cir.2000) (en banc).